## ENFORCEMENT OF RESTRICTION IN DEED.

### Circuit Court of Summit County.

THE WEST HILL LAND COMPANY v. SAMUEL J. RITCHIE.[*]

#### Decided, April, 1907.

*Restrictions in Deed—General Plan—Constructive Notice—Waiver.*

Restrictive covenants contained in a deed in defendant's chain of title, of which he had constructive notice, which are part of a general plan or scheme of restrictions published and adhered to by plaintiff and its trustee, will be enforced notwithstanding plaintiff has offered to sell the defendant other lots in the allotment, without restrictions.

*Stuart & Stuart,* for plaintiff in error.
*W. E. Young,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

We see no reason why the restrictions in the deed of defendant's grantor should not be enforced so as to prevent defendant from erecting any building nearer than the stipulated distance

---

[*]Affirmed without opinion, *Ritchie* v. *West Hill Land Co.,* 80 Ohio State, 722,

from the street.   He had constructive notice of the restrictions when he bought.   They were a part of the scheme or plan of restrictions published and adhered to by plaintiff and its trustee, Christy, who has now executed his trust by conveying the entire allotment to plaintiff.   The restriction complained of is not unreasonable.   There is nothing in the evidence to show that plaintiff has waived it.   True, it offered to sell to defendant its entire line of lots on defendant's side of the street, without restrictions; but that does not amount to a waiver, much less to an estoppel. The plaintiff may, therefore, take a decree in accordance with the prayer of the petition.